IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02853-BNB

NASTASHA R. POMELE,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
DENVER WOMEN'S CORRECTIONAL FACILITY,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Nastasha Pomele, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated currently at the Denver Women's Correctional Facility. Ms. Pomele initiated this action by filing a Prisoner Complaint asserting a deprivation of her constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Ms. Pomele has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and has paid an initial partial filing fee.

    The Court will construe the Complaint liberally because Ms. Pomele is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for **pro se** litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Ms. Pomele will be ordered to file an amended complaint.

    Ms. Pomele alleges in the Complaint that "Living Unit 5 staff" did not allow her to

attend religious services on August 3, 2012, because she is a "Restricted Privilege Offender." She further alleges that "Unit 5 staff," and Sergeants Kaley and Sanchez denied her participation in a religious study group on August 4, 2012, because of her status as an "RP Offender." Plaintiff asserts that the prison's policy prohibiting "Restricted Privilege Offenders" from participating in religious services violates her First Amendment free exercise rights. Ms. Pomele seeks injunctive and monetary relief.

Ms. Pomele's claims against the DOC and the Denver Women's Correctional Facility are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. **Steadfast Ins. Co. v. Agricultural Ins. Co.**, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. **See Griess v. Colorado**, 841 F.2d 1042, 1044–45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. **See Quern v. Jordan**, 440 U.S. 332, 345 (1979). Plaintiff's amended complaint therefore should not include a claim against the DOC or the Denver Women's Correctional Facility.

The Complaint is also deficient because Ms. Pomele does not name as Defendants the individuals who allegedly violated her First Amendment rights. Although she refers to some individual correctional officers in the body of the Complaint, she does not identify those persons as Defendants in the case caption. Plaintiff is advised that personal participation by named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

Plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Dodds v. Richardson**, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)). A supervisor defendant cannot be held liable merely because of their supervisory positions. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." **Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008).

      Finally, Ms. Pomele has made allegations against unidentified "Unit 5 living staff" members. Plaintiff may use fictitious names, such as Jane or John Doe, if she does not know the real names of the individuals who allegedly violated her rights. However, if Plaintiff uses fictitious names she must provide sufficient information about each Defendant so that he or she can be identified for purposes of service. In addition, if Plaintiff intends to name these individuals as Defendants, she must include them in the

3

caption and allege facts in the amended complaint to show that each one personally participated in the deprivation of her constitutional rights.  Accordingly, it is

ORDERED that Plaintiff, Nastasha Pomele, **within thirty (30) days from the date of this Order,** shall file an amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this Order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED December 7, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge