IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02853-BNB

NASTASHA R. POMELE,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
DENVER WOMEN'S CORRECTIONAL FACILITY,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Nastasha Pomele, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Denver Women's Correctional Facility. Ms. Pomele initiated this action by filing a Prisoner Complaint asserting a deprivation of her constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

    On December 7, 2012, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Ms. Pomele is suing improper parties and fails to allege the personal participation of a proper party in the deprivation of her constitutional rights. Magistrate Judge Boland therefore ordered Plaintiff to file an amended complaint within thirty days. Ms. Pomele did not file an amended complaint by the court-ordered deadline.

    Ms. Pomele has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. The Court must dismiss the Complaint, or any portion of the Complaint,

that is frivolous.  *See* 28 U.S.C. § 1915A(b)(1).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court will construe the Complaint liberally because Ms. Pomele is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Complaint and this action will be dismissed.

Ms. Pomele alleges in the Complaint that "Living Unit 5 staff" did not allow her to attend religious services on August 3, 2012, because she is a "Restricted Privilege Offender."  She further alleges that "Unit 5 staff" and Sergeants Kaley and Sanchez denied her participation in a religious study group on August 4, 2012, because of her status as an "RP Offender."  Plaintiff asserts that the prison's policy prohibiting "Restricted Privilege Offenders" from participating in religious services violates her First Amendment free exercise rights.  Ms. Pomele seeks injunctive and monetary relief.

Ms. Pomele's claims against the DOC and the Denver Women's Correctional Facility are barred by the Eleventh Amendment.  Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988).  Congress did not abrogate Eleventh Amendment immunity

through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Accordingly, the DOC and the Denver Women's Correctional Facility are improper parties to this action and the claims against those Defendants will be dismissed as legally frivolous.

Ms. Pomele's Complaint also fails because she does not name as Defendants the individuals who allegedly violated her First Amendment rights.  Although she refers to some individual correctional officers in the body of the Complaint, she does not identify those persons as Defendants in the case caption. Plaintiff was warned by Magistrate Judge Boland that personal participation by named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Pomele files a notice of appeal she must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED as legally frivolous.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Ms. Pomele has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Ms. Pomele may file a motion in the Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of    January    , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court